UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRISH ANN MORAVETZ,<br><br>　　　　Defendant. | 4:18-CR-40117-01-KES<br><br>ORDER DENYING SECOND PETITION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Trish Ann Moravetz, petitions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 234. Plaintiff, the United States of America, opposes the petition. Docket 243. For the following reasons, the court denies defendant's petition for compassionate release.

**BACKGROUND**

Moravetz pleaded guilty to conspiracy to distribute a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dockets 84, 99. On April 5, 2019, this court sentenced Moravetz to 120 months in custody followed by five years of supervised release. Dockets 135, 136. Later, on April 3, 2020, the court reduced Moravetz's sentence to 60 months in custody and five years of supervised release. Docket 225. Moravetz is eligible for home confinement on November 5, 2021, and her current anticipated release date is May 5, 2022. Docket 242 at 54-55.

On April 13, 2020, Moravetz submitted a first petition for relief under the First Step Act. Docket 226. Her petition was denied on April 27, 2020, for failure to exhaust administrative remedies by first presenting a request for

compassionate release to the Bureau of Prisons (BOP). Docket 231. Moravetz has now submitted such a request to her warden. Docket 234-1 at 26-27. The warden issued a denial to Moravetz's Inmate Request to Staff on May 11, 2020, and she was further informed of the administrative denial on May 13, 2020. *Id.* On June 25, 2020, Moravetz filed this second pro se petition with the court. Docket 234.

Moravetz is incarcerated at Waseca Federal Correctional Institute (Waseca FCI), a low-security facility for female offenders in Waseca, Minnesota. Fed. Bureau of Prisons https://www.bop.gov/locations/institutions/was/ (last visited Dec. 30, 2020). FCI Waseca's population is 642 total inmates. *Id.* As of December 30, 2020, there are nine active COVID-19 cases among FCI Waseca's inmates and staff, 441 inmates and 20 staff have recovered from COVID-19, and no deaths have occurred. *See BOP: COVID-19 Update*, Fed. Bureau of Prison, https://www.bop.gov/coronavirus/ (last visited Dec. 30, 2020).

Moravetz is currently 45 years old. Docket 126 at 2. At the time of her presentence investigation interview, she described herself as being in "good health." *See id.* ¶ 59. This appears to still be the case because Moravetz has failed to identify any specific medical conditions or risk factors in support of her request for release. *See generally* Docket 234. Someone else's medical records were attached to Moravetz's initial petition to the court. *See* Docket 234-1. Moravetz's own medical records were subsequently filed by the United States pursuant to Standing Order 20-06. Docket 242. The court has reviewed

2

those records and determined that indeed she appears to still be in "good health." Her current medical conditions are stimulant related disorder, unspecified anxiety, depression, and trauma disorder, and being overweight. *Id.* at 38. Her most recent recorded weight, in November 2019, indicates Moravetz weighs 166 pounds, is 64 inches tall, and has a BMI of 28.5 *Id.* No other medical conditions were identified by the court, nor did Moravetz draw attention to any in her reply brief. *See* Docket 272.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. *Id.* § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must take into consideration the sentencing factors in 18 U.S.C. § 3553(a) and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the safety of any other person or the community. USSG § 1B1.13(1)-(2) (Nov.

2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Moravetz argues that the unprecedented and extraordinary risk posed by the global COVID-19 pandemic together with her "chronic medical conditions" satisfies the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 234 at 2-3. Moravetz requests immediate release to home confinement. *Id.* at 9.

## I.  **Administrative Exhaustion**

Previously, only the Bureau of Prisons (BOP) Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

As noted above, Moravetz demonstrated that she made an administrative request for compassionate release, which was denied by the warden on May 11, 2020. Docket 234-1 at 26. Moravetz was further informed of the denial on May 13, 2020. *Id.* Having presented her request to the warden and being denied, and hearing no objection from the United States, the court will presume Moravetz has satisfied the administrative exhaustion requirement and review

4

the matter on the merits.[1]

## II. Extraordinary and Compelling Reasons

Though section 3582(c)(1)(A)(i) provides for compassionate release upon a showing of "extraordinary and compelling reasons," Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to describe what should be considered extraordinary and compelling reasons and fashion "the criteria to be applied and a list of specific examples." *Id*. The Sentencing Commission did so by limiting "extraordinary and compelling reasons" to four scenarios. USSG § 1B1.13, cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* A fifth catch-all category also exists for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. USSG § 1B1.13, cmt. n.1(D).

After the FSA was passed amending section 3582(c)(1)(A), the Sentencing Commission did not update its policy statement because the commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7

---

[1] The warden's response states that if Moravetz is dissatisfied with the decision, she may file an appeal with the regional director of the BOP within twenty days of the response. Doc. No. 234-1 at 26. There is no indication that Moravetz appealed the decision to the regional director.

(M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the previous policy statement of the Sentencing Commission still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear Congress intended to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement.

Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020)

6

("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at \*2 (D.N.D. July 23, 2020).

Assuming the policy statements continue to apply to compassionate release motions brought under the FSA, Moravetz has fallen far short of demonstrating the type of "extraordinary and compelling reasons" justifying a reduction in her sentence. She has not made any specific, individualized showing that she has a medical condition that puts her at risk. In fact, the court's search of her medical records for such conditions revealed Moravetz has *none* of the health conditions identified by the Centers for Disease Control and Prevention as those that pose or might pose an increased risk of severe illness from COVID-19.[2] *See People with Certain Medical Conditions*, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. (last vistied Dec. 18, 2020). A generalized concern for contracting COVID-19 while serving a term of incarceration, like the one presented by Moravetz, is insufficient to warrant the extraordinary remedy of compassionate release.

## III.  Sentencing Factors of § 3553(a)

Although the court need not consider the 3553(a) factors since Moravetz

---

[2] The CDC identifies the following conditions as those increasing the risk of severe illness from COVID-19: cancer, chronic kidney disease, COPD, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), serious heart conditions, sickle cell disease, and Type II diabetes. The following are medical conditions that *might* put a person at an increased risk of severe illness: moderate to severe asthma, hypertension or high blood pressure, smoking, liver disease, Type 1 diabetes mellitus, and several others.

7

has failed to demonstrate "extraordinary and compelling reasons" warranting a reduction in her sentence, such sentencing factors underscore the point.

Moravetz's conviction stems from a conspiracy to distribute large amounts of methamphetamine. The amount of methamphetamine attributable to her conduct exceeded 16,000 kilograms. Docket 126, ¶ 21. She described herself as the "brains" of the drug operation. *Id.* ¶ 15. In an interview with law enforcement, Moravetz admitted that at times she was receiving a pound of methamphetamine every two or three months from her sources. *Id.* ¶ 13. Some of the methamphetamine was considered actual methamphetamine, not a mixture. *Id.* ¶ 21. Her total offense level was calculated as 31, and she had three scorable criminal history points placing her in Category II. *Id.* ¶¶ 26-35, 46. As a result, Moravetz's advisory guideline range was 121-151 months in custody. *Id.* ¶ 73. On April 5, 2019, the court sentenced Moravetz to 120 months in custody. Docket 134. On April 3, 2020, her sentence was reduced by half to 60 months in custody. Docket 225. As of April 6, 2020, Moravetz has served approximately 28.2% of her full term and 33.2% of her statutory term. Docket 242 at 55. She is eligible for home detention on November 5, 2021. *Id.* at 54.

The court's sentencing decisions were made with care, considering Moravetz's offense, history and characteristics, and all the other applicable sentencing factors. The court still concludes Moravetz's amended sentence of 60 months in custody followed by five years of supervised release continues to be appropriate for the seriousness of the crime to which she pleaded guilty.

8

## CONCLUSION

Moravetz has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 234) is denied.

Dated December 30, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE